No. 3--09--0996

Opinion filed March 18, 2011

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2011

| | |
|---|---|
| *In re* M.P., J.P., and C.P., | ) Appeal from the Circuit Court |
| | ) of the 10th Judicial Circuit, |
| Minors | ) Peoria County, Illinois, |
| | ) |
| (The People of the State of | ) |
| Illinois, | ) |
| | ) |
| Petitioner-Appellee, | ) No. 09--JA--213, 09--JA--214 |
| | ) and 09--JA--215 |
| v. | ) |
| | ) |
| Chazteen P., | ) Honorable |
| | ) Kim L. Kelley, |
| Respondent-Appellant). | ) Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court, with opinion.
Presiding Justice Carter and Justice Holdridge concurred in the judgment and opinion.
_____

**OPINION**

Following a dispositional hearing, the court adjudicated Chazteen P., the respondent, a fit parent, and allowed her to retain custody of the minors, M.P., J.P., and C.P. However, the court adjudicated the minors wards of the court and appointed the Department of Children and Family Services (DCFS) as their guardian. The respondent appeals, contending that the court erred when it appointed DCFS as the minors' guardian. We affirm.

FACTS

The record shows that the respondent gave birth to M.P., a male born February 16, 2007; J.P., a male born December 28, 2007; and C.P., a male born January 22, 2009. Thereafter, on August 27, 2009, the State filed a juvenile petition alleging that the minors were neglected due to an injurious environment. The State's petition specifically alleged, among other things, that: (1) the minors' father, J.P., Sr., came home on January 5, 2009, at 5 a.m., intoxicated and with a bottle of whiskey while the two older minors were in the home, threatened to kick the pregnant respondent in the stomach, and then sprayed her in the face with detergent; (2) the respondent obtained an order of protection against J.P., Sr., but subsequently dropped it and later allowed him back into the home; (3) the respondent, J.P., Sr., and another couple were drinking alcohol at their home and a physical altercation occurred between the two men in which J.P., Sr., struck the other man in the face while the other man's children were in the room; and (4) on September 5, 2009, the respondent and J.P., Sr., argued, and he pushed the respondent into a wall.

The respondent filed an amended answer to the juvenile petition on November 2, 2009, and stipulated that the State could prove the aforementioned allegations in the petition. She also added that J.P., Sr., was in jail at the time she dismissed the order of protection against him. The court conducted an adjudicatory hearing on November 30, 2009. Based on the respondent's stipulation, the court adjudicated the minors

2

neglected due to an injurious environment.

The cause immediately proceeded to a dispositional hearing. In preparation for the dispositional hearing, Carly Gordan, a DCFS caseworker, filed a dispositional report and testified. Gordan's report and testimony, as well as an integrated assessment report, indicated that the respondent had been cooperative with DCFS since the State opened the instant juvenile case. The respondent informed Gordan that she wanted what was best for the minors and acknowledged that she would benefit by participating in a parenting class.

Gordan also disclosed that the minors had remained in the respondent's care since the State opened the instant case. According to Gordan, the respondent's home was neat and clean, and the respondent interacted appropriately with the minors. The respondent was also employed and did not have substance abuse problems. According to the integrated assessment report, the respondent and J.P., Sr., were no longer in a romantic relationship.

Gordan's report corroborated the allegation in the petition that the respondent had obtained an order of protection against J.P., Sr., and then she dropped it and permitted him back into her home, notwithstanding his "drinking habits." Gordan thus recommended that the respondent participate in parenting and domestic violence classes. Gordan also stated that since the respondent was the minors' guardian, she was responsible for taking them to visit J.P., Sr., who was in jail at the time of

3

the hearing. However, the respondent was "not in agreement with visits" when she and Gordan discussed it.

In closing argument, the State contended that the court should make the minors wards of the court and appoint DCFS as their guardian, but that the minors should remain in the respondent's care. The State also believed that the respondent should not supervise visits between the minors and J.P., Sr., because of their domestic violence issues and the need to protect the minors from further instances of domestic violence. The guardian *ad litem* agreed with the State's arguments.

J.P., Sr., also offered a closing argument, and in it he noted that if the respondent remained the minors' guardian, she should not be penalized for having contact with him by allowing the minors to visit with him. The respondent argued that she should retain guardianship of the minors, but contended that if she did not, the minors should remain in her custody.

The court adjudicated the respondent a fit parent and allowed her to retain custody of the minors, but made the minors wards of the court and appointed DCFS as their guardian. The court opined that DCFS needed to be the minors' guardian "to make sure that after [J.P., Sr., was] released, and even before then, that [the respondent was] able to make sure that there [was] a proper environment for these children [which had not] occurred in the past" due to the domestic violence between the respondent and J.P., Sr. The court also believed that the respondent placed her own needs above those of the minors and that she needed to learn

4

the necessary skills to protect the minors. The court thus ordered her to undergo counseling and to complete domestic violence and parenting classes. The court also found that J.P., Sr., was an unfit parent, but ordered that he may have visits with the minors. The respondent appealed.

## ANALYSIS

On appeal, the respondent contends that the court erred when it appointed DCFS as the minors' guardian. The respondent specifically argues that the court exceeded its authority by appointing a guardian when the respondent had been found fit and the minors had been placed in her home. The respondent further argues that the State's evidence was insufficient to support the appointment of DCFS as the minors' guardian.

Once a trial court adjudicates a minor to be neglected, the court shall hold a dispositional hearing. 705 ILCS 405/2--21(2) (West 2008). If the minor is made a ward of the court at the dispositional hearing, the court shall determine the proper disposition. 705 ILCS 405/2--22(1) (West 2008). In fashioning a dispositional order, the court's overriding concern is the best interest of the child. *In re Beatriz S.*, 267 Ill. App. 3d 496 (1994). On review, a trial court's dispositional determination will be reversed only if the court abused its discretion by selecting an inappropriate dispositional order. *In re K.S.*, 365 Ill. App. 3d 566 (2006). A trial court abuses its discretion when no reasonable person would agree with its decision. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167 (2003).

5

We first conclude that the court did not exceed its authority in appointing DCFS as guardian for the minors. Section 2--23 of the Juvenile Court Act of 1987 (the Act) states:

> "(1) The following kinds of orders of disposition may be made in respect of wards of the court:
>
> (a) A minor under 18 years of age found to be neglected *** may be (1) continued in the custody of his or her parents ***." 705 ILCS 405/2--23(1)(a)(1) (West 2008).

The court also may award guardianship of a child to DCFS. 705 ILCS 405/2--23(1)(c) (West 2008).

Section 1--3(8)(c) of the Act states that " '[g]uardianship of the person' of a minor" includes "the rights and responsibilities of legal custody except where legal custody has been vested in another person or agency." 705 ILCS 405/1--3(8)(c) (West 2008). Thus, section 1--3 of the Act contemplates that a trial court may divide guardianship and custody of a minor. Furthermore, this court has previously recognized the propriety of such a division. See *In re E.L.*, 353 Ill. App. 3d 894 (2004). Therefore, we disagree with the respondent's contention that the court exceeded its authority when it appointed DCFS as guardian of the minors. We next consider the issue of whether the court abused its discretion.

After our careful review of the record, we conclude that the court did not err when it granted DCFS guardianship of the minors, while retaining them in the custody of the fit

6

respondent. At the outset, we agree with the court's finding that the respondent was a fit parent, as the record indicates that she was employed, had a clean home, interacted appropriately with the minors, and did not have problems with substance abuse.

However, we note that the record shows a history of domestic violence between the respondent and J.P., Sr., and that these instances of domestic violence occurred while the children were present in the home. Furthermore, the respondent stipulated that she dismissed an order of protection against J.P., Sr., at a time when he was in jail, and later allowed him back into her home. We do not believe that such an action fostered a safe environment for the minors.

We agree that the respondent needed to learn the skills necessary to protect herself and the minors from experiencing domestic violence in the future, so that she may provide a safe and nurturing home environment for all involved. Therefore, although this court may not have fashioned a dispositional order identical to the one fashioned by the trial court in this case, we cannot say that no reasonable person would agree with the court's decision to grant DCFS guardianship of the minors. Thus, we conclude that the court did not abuse its discretion by granting guardianship of the minors to DCFS while retaining custody with the respondent.

## CONCLUSION

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.