NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 210085-U

NO. 4-21-0085

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 2, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* C.B., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Sangamon County |
|       Petitioner-Appellee, | ) | No. 19JA146 |
|       v. | ) | |
| Jamal B., | ) | Honorable |
|       Respondent-Appellant). | ) | Karen S. Tharp, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, concluding respondent failed to establish any error with respect to the trial court's refusal to grant him a continuance on the day of the termination trial.

¶ 2   Respondent father, Jamal B., appeals from the trial court's judgment terminating his parental rights to his daughter, C.B. (born July 16, 2015). On appeal, respondent complains about the trial court's refusal to grant him a continuance on the day of the termination trial. We affirm.

¶ 3   I. BACKGROUND

¶ 4   Respondent and Celsey D. are the minor's biological parents. During the proceedings below, Celsey D.'s parental rights to the minor were also terminated. She is not, however, a party to this appeal.

¶ 5                        A. Adjudication of Wardship

¶ 6            In July 2019, the State filed a petition for adjudication of wardship, alleging, in part, the minor was neglected in that she was not receiving the proper care and supervision as evidenced by her parents' failure to abide by an intact family safety plan. 705 ILCS 405/2-3(1)(a) (West 2018). That same month, respondent obtained private counsel, and the trial court entered an order granting temporary custody to the Department of Children and Family Services (DCFS). Respondent was represented by counsel throughout the remainder of the wardship proceedings.

¶ 7            In October 2019, the trial court entered an adjudicatory order finding the minor to be neglected. According to the order, the court's finding of neglect was based, in part, on respondent violating an intact family service plan by allowing the minor to be unsupervised with her mother.

¶ 8            In December 2019, the trial court entered a dispositional order adjudicating the minor a ward of the court and placing guardianship and custody with DCFS.

¶ 9                     B. Motion to Terminate Parental Rights

¶ 10           In October 2020, the State filed a motion to terminate respondent's parental rights. The State alleged respondent was an unfit parent as he (1) failed to maintain a reasonable degree of interest, concern, or responsibility as to the minor's welfare (750 ILCS 50/1(D)(b) (West 2018)); (2) failed to make reasonable efforts to correct the conditions that were the basis for the removal of the minor during a nine-month period following the minor's adjudication of neglected, namely October 31, 2019, to July 31, 2020 (750 ILCS 50/1(D)(m)(i) (West 2018)); and (3) failed to make reasonable progress toward the return of the minor to his care within a nine-month period following the adjudication of neglected, namely October 31, 2019, to July 31, 2020 (750 ILCS 50/1(D)(m)(ii)

- 2 -

(West 2018)). The State further alleged it was in the minor's best interest to terminate respondent's parental rights and appoint DCFS as guardian with the power to consent to adoption.

¶ 11                  C. First Appearance on the State's Motion to Terminate Parental Rights

¶ 12           In November 2020, the trial court entered an order on first appearance. According to the order, respondent made his first appearance in court on the State's motion to terminate parental rights and elected to proceed *pro se* after being duly admonished. The order also indicates a hearing was scheduled for December 16, 2020. The record on appeal contains no transcripts, bystander's report, or agreed statement of facts from the first appearance.

¶ 13                              D. Motion to Set Trial

¶ 14           On December 16, 2020, the trial court entered an order on a motion from the State to set trial. According to the order, the court conducted a hearing at which a trial was set for February 4, 2021, over no objection "by any party." The order is unclear whether respondent was present for the hearing. The record on appeal contains no transcripts, bystander's report, or agreed statement of facts from the hearing.

¶ 15                          E. Notice of the Termination Trial

¶ 16           On December 23, 2020, the State filed a notice of hearing along with a certification indicating it mailed a copy of the notice to respondent that same day. According to the notice, a "termination trial" was scheduled for February 4, 2021.

¶ 17                              F. Termination Trial

¶ 18           On February 4, 2021, respondent appeared before the trial court. The court began the proceeding by informing the parties the matter before it was the "motion for termination of parental rights." The court then, after noting it previously offered to appoint respondent counsel,

- 3 -

admonished respondent of his right to appointed counsel. Respondent indicated he understood. After respondent expressed his understanding, the court inquired if respondent would like counsel appointed. Respondent declined.

¶ 19 The minor's mother, through counsel, made an oral motion for a continuance. The following discussion then occurred between respondent and the trial court:

"THE COURT: [A]re you ready to proceed?

[RESPONDENT]: Uh, I—I—we can proceed, but a continuance would also be good on my part too, because I would like a second chance, because I'm still going for my daughter to return home. I'm not giving up my daughter too easily, and if we do proceed, I'm going to go on saying that most of the paperwork that they've given you have been lies. They say that I moved to Colorado.

THE COURT: Well, sir, you are talking about substance, you aren't talking about reasons for a continuance.

[RESPONDENT]: The reason to get the continuance is because I would like them to get the paperwork straight and the truth.

THE COURT: No, I get it. You'd like to get the truth, is why you're asking for—proceeding with more time to correct conditions.

[RESPONDENT]: Um, and—yeah."

The court, construing respondent's comments as an oral motion for a continuance, denied the

motions of both parties. In support of its decisions, the court stated as follows: "These matters have been set for some time. Both parties were present on that first appearance on November 4th. They're present again." Respondent then made various other oral motions, including motions for a new trial. The court denied all of respondent's motions. In doing so, the court again informed respondent the matter was before it for "a trial on termination."

¶ 20       The State presented testimony from a caseworker who had been assigned to the minor's case since September 2019. The State also moved for the trial court to take judicial notice of its adjudicatory and dispositional orders, which the court granted. As gleaned from the State's evidence, in February 2019, the minor and her sibling were removed from their mother's care and placed with respondent due to the mother's drug use. At the same time, an intact family case was created. The minor and her sibling were then removed from respondent's care after it was discovered he had violated the intact family safety plan by allowing the minor to be unsupervised around her mother. In October 2019, the caseworker prepared a service plan for respondent, which included recommendations related to visitation, housing, employment, and cooperation. In November 2019, another recommendation was added to the service plan related to substance abuse treatment. That recommendation was a result of respondent having a positive drug screen for cocaine. The service plan was given to respondent and discussed with him, and all necessary referrals for services were made. Respondent's progress was evaluated on several occasions. Respondent initially rated satisfactory on both housing and visitation. He later rated unsatisfactory on both because the caseworker did not know where he was living and because he was consistently missing visitations. In total, respondent missed about half of the scheduled in-person visitations. Respondent rated unsatisfactory on employment as he did not maintain stable employment.

Respondent rated unsatisfactory on cooperation as he did not maintain contact with the caseworker. Respondent rated unsatisfactory on substance abuse treatment as the caseworker had no evidence of respondent engaging in treatment, respondent missed most of the scheduled drug screens, and respondent tested positive for drugs on the drug screens he attended. Respondent last completed a drug screen in November 2020, which provided a positive result for cocaine, opiates, and heroin.

¶ 21 At the conclusion of the State's case, respondent made an oral motion for a continuance. In support of his motion, respondent stated he had "paperwork" from a facility which provides substance abuse treatment indicating he had started classes. The trial court denied respondent's motion, noting he could provide testimony about such information.

¶ 22 Respondent testified on his own behalf. Respondent acknowledged violating the family intact safety plan, noting he allowed the minor to be with her mother as it was her birthday. As to the recommended services, respondent asserted the caseworker's testimony was entirely untruthful. Respondent testified he had continuously resided in the same location, started a program for substance abuse treatment, and repeatedly reached out to the caseworker. Respondent acknowledged he was unemployed and had used cocaine prior to his November 2020 drug screen.

¶ 23 Following respondent's testimony, counsel for the minor's mother asked the trial court for a recess to consult with his client about whether she wanted to testify, which the court allowed. After the recess, counsel for the minor's mother informed the court both respondent and the minor's mother had left the courthouse. Counsel then made an oral motion for a continuance on behalf of the minor's mother. The court denied the motion, finding, in the absence of any additional information, both respondent and the minor's mother voluntarily left the courthouse and

did not want to be present for the remainder of the trial. The court then, after entertaining arguments, found respondent was an unfit parent for all the reasons alleged in the State's motion to terminate parental rights.

¶ 24 The trial court recessed to determine if respondent or the minor's mother had returned to the courthouse. Upon determining they had not returned, the court proceeded with the best-interests portion of the termination trial, again finding, based upon the information before it, respondent and the minor's mother voluntarily left the courthouse.

¶ 25 The State presented testimony from the caseworker who had been assigned to the minor's case since September 2019. As gleaned from that testimony, the minor and her sibling had been in their current placement for about six months. The minor was doing well, and all of her needs were being met. Although the placement was initially an adoptive placement, the foster family determined adoption was not viable. Another adoptive placement was found for the minor and her sibling. That adoptive placement involved a couple who had a three-bedroom home and no children. The minor and her sibling had been spending every weekend with the couple. The minor and her sibling were bonded to the couple. The minor and her sibling would have to be placed with the couple for at least six months before any adoption. The minor last visited with respondent in December 2020. The caseworker believed it would be in the minor's best interests to terminate respondent's parental rights given her need for a stable home environment.

¶ 26 Following recommendations, the trial court found it would be in the minor's best interests to terminate respondent's parental rights. The court entered a written order terminating respondent's parental rights.

¶ 27 G. Notice of Appeal

¶ 28 On February 10, 2021, the trial court entered a docket entry directing the circuit clerk to file a notice of appeal on respondent's behalf. According to the docket entry, the directions were issued pursuant to respondent's request.

¶ 29 This appeal followed.

¶ 30 II. ANALYSIS

¶ 31 On appeal, respondent complains about the trial court's refusal to grant him a continuance on the day of the termination trial. Specifically, respondent suggests the court's refusal to grant him a continuance amounted to an abuse of discretion considering his repeated requests for a continuance or a new trial and his absence from the best-interests portion of the termination proceeding. The State disagrees.

¶ 20 In a proceeding to terminate parental rights, a respondent parent does not have an absolute right to a continuance. *In re S.W.*, 2015 IL App (3d) 140981, ¶ 31, 33 N.E.3d 861. Instead, continuances should only be granted where good cause is shown. Ill. S. Ct. R. 901(c) (eff. July 1, 2018). The decision to grant or deny a motion for a continuance is left to the sound discretion of the trial court. *S.W.*, 2015 IL App (3d) 140981, ¶ 31.

¶ 21 On review, this court will not reverse a trial court's decision denying a motion for a continuance unless the respondent parent can demonstrate no reasonable person would agree with the court's decision. *In re M.P.*, 408 Ill. App. 3d 1070, 1073, 945 N.E.2d 1197, 1200 (2011). Further, "the denial of a request for a continuance is not a ground for reversal unless the complaining party has been prejudiced by the denial." *In re A.F.*, 2012 IL App (2d) 111079, ¶ 36, 969 N.E.2d 877.

¶ 22 Here, respondent simply recounts the factual circumstances of his case, cites case

law for general propositions related to motions for a continuance, and then conclusively asserts the court's refusal to grant him a continuance amounted to an abuse of discretion. He does not explain why he believes no reasonable person would agree with the court's decisions to deny his motions for a continuance, nor does he explain why he believes it was error for the trial court not to have *sua sponte* granted him a continuance. Moreover, respondent has not explained how he has been prejudiced by the court's refusal to grant him a continuance.

¶ 23 The record shows (1) respondent entered a first appearance on the State's motion to terminate parental rights three months before the trial, (2) the State mailed respondent notice of the scheduled "termination trial" at least one month prior to the trial, (3) respondent appeared on the day of trial and was informed the matter pending was the "motion for termination of parental rights" and the trial court would be conducting "a trial on termination," (4) respondent initially stated he was ready to proceed before suggesting "a continuance would also be good on my part," (5) respondent explained his request for a continuance was because he simply did not believe the "paperwork" given to the court was truthful and wanted "them to get the paperwork straight," (6) respondent sought a continuance in the middle of the fitness portion of the trial to obtain "paperwork" about his participation in classes for substance abuse treatment, (7) respondent testified about his participation in a program for substance abuse treatment, (8) respondent left the courthouse during the fitness portion of the trial without providing any explanation, (9) the court made efforts to locate respondent prior to proceeding to the best-interests portion of the trial, and (10) respondent later requested a notice of appeal be filed on his behalf without providing any explanation for his earlier absence.

¶ 24 Given the arguments and record presented, we find respondent has failed to

establish any error with respect to the trial court's refusal to grant him a continuance on the day of the termination trial.

¶ 25                                III. CONCLUSION

¶ 26          We affirm the trial court's judgment.

¶ 27          Affirmed.