NOTICE
Decision filed 11/04/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 220430-U

NO. 5-22-0430

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* CHARLES S., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Washington County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 22-JA-1 |
| | ) | |
| J.S. and R.S., | ) | |
| | ) | |
| Respondents | ) | Honorable |
| | ) | Daniel J. Emge, |
| (R.S., Respondent-Appellant)). | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1     *Held*: Where the parents stipulated that a factual basis existed for finding the minor neglected and the only witness testified that the service plan had not been completed, no meritorious argument can be made that the trial court erred in finding the minor neglected and making him a ward of the court. Accordingly, we grant appointed counsel's motion for leave to withdraw and affirm the circuit court's findings.

¶ 2     Respondent R.S. appeals the circuit court's judgment finding Charles S. to be neglected and making him a ward of the court. Respondent's appointed counsel on appeal has concluded that this appeal lacks merit. Accordingly, he has filed a motion to withdraw as respondent's counsel (see *Anders v. California*, 386 U.S. 738 (1967)) along with a brief in support of the motion.

1

Having reviewed the record on appeal and counsel's motion and supporting brief, we agree that this appeal presents no potentially meritorious issues. Accordingly, we grant counsel leave to withdraw and affirm the circuit court's orders.

¶ 3                                    BACKGROUND

¶ 4    The State filed a petition alleging that Charles S. was neglected by his mother, J.S. Reports showed that Charles S. and his adult brother called the Department of Children and Family Services (DCFS) when J.S., while drunk, began acting erratically. Investigators found the home in a state of disarray. Fifteen-year-old Charles S., who suffered from an inoperable brain tumor, was placed with his paternal aunt, H.S.

¶ 5    At an adjudicatory hearing, J.S. admitted to the petition's allegations, and R.S., Charles S.'s father, stipulated that a factual basis existed for finding Charles S. neglected. Based on the stipulated factual basis, the court found Charles S. neglected based on J.S.'s drinking and the condition of the home.

¶ 6    At the dispositional hearing, caseworker Timothy Walton testified that Charles S. was generally doing well, although he suffered from anxiety and was found with marijuana on a couple of occasions. J.S. had sought substance-abuse treatment on her own through her counselor at the Community Resource Center. Walton and the counselor discussed "having a domestic violence screening to see if she needs treatment for that, parenting capacity assessment, mental health, and continu[ing] on with her substance abuse treatment."

¶ 7    Walton's understanding through his investigation was that J.S. had a history of substance abuse, particularly drinking. He felt that she was doing well and he wanted her to continue with those services.

2

¶ 8    On a February visit, Walton found the home to be in better condition than when DCFS was initially called. J.S. wanted to make some improvements, "but we did find it in livable condition and we feel that when [Charles S.] is ready to go there and visit it would be safe for him to visit at."

¶ 9    R.S. was living in the same home as J.S. although not "as a couple," and he was helping her with some projects around the house. J.S. was attending visits with Charles S. at H.S.'s house and they were going well. R.S. did not want to attend visits at his sister's house, so Walton was arranging for Charles S. to be brought to J.S. and R.S.'s home for visits.

¶ 10    Although the petition contained no abuse or neglect allegations directly relating to R.S., DCFS recommended that he "have a substance abuse screening, *** a mental health screening, [and] a parenting capacity screening."

¶ 11    Walton said that the Integrated Assessment and Service Plan was not complete at that time, so the court continued the hearing. When the dispositional hearing reconvened Walton testified that the plan had since been completed. From that plan, DCFS prescribed services for the parents to complete. J.S. had already been working on some of those services, "so we were able to give her progress but maintain goals on the substance abuse assessment and also finding of consent."

¶ 12    The court found that, while progress was being made, the goals of the service plan had not yet been completed. Accordingly, the court made Charles S. a ward of the court and awarded guardianship to DCFS with the goal of returning him home. R.S. filed a timely notice of appeal.

¶ 13                              ANALYSIS

¶ 14    Appointed counsel concludes that he can make no meritorious argument that the court erred by finding the minor neglected and making him a ward of the court. We agree.

3

¶ 15 The petition alleged that Charles S. was neglected due to an injurious environment caused by his mother's drinking and the condition of the home. See 705 ILCS 405/2-3(1)(b) (West 2020). Given that J.S. admitted the petition's allegations and R.S. stipulated to the factual basis, there is no meritorious argument that the circuit court erred in finding the minor neglected.

¶ 16 Counsel further concludes that there is no meritorious argument that the circuit court erred in making Charles S. a ward of the court and awarding custody to DCFS following the dispositional hearing. At a dispositional hearing, the court must decide whether it is in the minor's best interests to be made a ward of the court and, if so, decide the proper disposition that best serves the minor's interests. 705 ILCS 405/2-22(1) (West 2020). In fashioning a dispositional order, the court's overriding concern is the best interest of the child. *In re M.P.*, 408 Ill. App. 3d 1070, 1073 (2011). A dispositional order will be reversed only if it is against the manifest weight of the evidence. *In re J.W.*, 386 Ill. App. 3d 847, 856 (2008).

¶ 17 Here, the circuit court found that, while both parents were cooperative in completing assessments and providing information, the service plan objectives had not been completed. R.S.'s objectives included "have a substance abuse screening, to have a mental health screening, to have a parenting capacity screening." These recommendations were based on specific instances in the past involving R.S.

¶ 18 The disposition continued the minor's placement with his aunt in the same town where he had been residing. Both parents were eligible for liberal visitation and Walton was attempting to facilitate R.S.'s visitation at his home. Given that, at the time of the hearing, R.S. was residing with J.S., placement of the minor with R.S. would have been impracticable even if R.S. had completed the required services.

4

¶ 19                              CONCLUSION

¶ 20    The trial court did not err in finding the minor neglected and making him a ward of the court. As any argument to the contrary would clearly lack merit, we grant appointed counsel's motion for leave to withdraw and affirm the circuit court's judgment.


¶ 21    Motion granted; judgment affirmed.