NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250120-U

NO. 4-25-0120

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 29, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* D.A., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Rock Island County |
|     Petitioner-Appellee, | ) | No. 23JA18 |
|     v. | ) | |
| Joseph A., | ) | Honorable |
|     Respondent-Appellant). | ) | Norma Kauzlarich, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, concluding (1) it was without jurisdiction to address respondent's challenges to the orders entered during the neglect proceedings and (2) the trial court's denial of respondent's motion to continue during the termination proceedings did not amount to an abuse of discretion.

¶ 2     Respondent father, Joseph A., appeals the trial court's judgment terminating his parental rights to his son, D.A. (born February 2023). On appeal, respondent, with respect to the underlying neglect proceedings, argues, "The court failed in not timely providing [him] counsel, and orders entered where he was not represented by counsel as required by law should be vacated[,] and, because [the adjudicatory hearing was not] timely held, the cause should be ordered to be dismissed on remand." Respondent further, with respect to the termination proceedings, argues, "[I]t was an abuse of discretion for the court to deny the continuance requested by [him] who was actively trying to defend his rights to retain an interest in his child's life." For the reasons that follow, we affirm the court's judgment terminating respondent's parental rights.

¶ 3                                    I. BACKGROUND

¶ 4         The parental rights of the minor's mother, Veronica R., were also terminated during

the proceedings below. She is not, however, a party to this appeal. The following is gleaned from

the record presented as it relates to the issues presented in this appeal by respondent.

¶ 5                              A. Neglect Proceedings

¶ 6         In February 2023, shortly after the minor's birth, the State filed a petition for

adjudication of wardship, alleging the minor was neglected in that he was subject to an

environment injurious to his welfare (705 ILCS 405/2-3(1)(b) (West 2022)). The petition named

respondent as the putative father and alleged he had tested positive for amphetamines and

methamphetamines on a recent drug test. That same month, the trial court, the Honorable Theodore

Kutsunis presiding, conducted a shelter-care hearing; Judge Kutsunis then presided over the case

through the dispositional hearing. At the shelter-care hearing, respondent appeared, and the State

averred respondent desired DNA testing concerning paternity. An evidentiary report drafted by the

Illinois Department of Family and Children Services (DCFS) noted respondent had not signed the

minor's birth certificate and requested DNA testing. At the conclusion of the hearing, the court

placed the minor in the temporary custody of DCFS and entered an order for DNA testing.

¶ 7         In June 2023, the trial court held an adjudicatory hearing. Respondent did not

appear. At the conclusion of the hearing, the court found the State had proven the allegation of

neglect.

¶ 8         In July 2023, the trial court held a dispositional hearing. Respondent appeared at

the hearing. According to a dispositional report, respondent failed to attend four scheduled

appointments for DNA testing and the next scheduled appointment was in August. At the

conclusion of the hearing, the court made the minor a ward of the court, found his mother and

respondent were unfit to provide for his care, and placed guardianship and custody of him with DCFS.

¶ 9        On September 8, 2023, the trial court, the Honorable Norma Kauzlarich presiding, conducted a status hearing; Judge Kauzlarich then presided over the case for the remainder of the proceedings, except for one permanency review hearing at which the Honorable Clayton Lee presided. At the status hearing, respondent appeared, and the court received results from DNA testing. The DNA results indicated respondent was the minor's biological father. At the conclusion of the hearing, the court entered an order of paternity and appointed counsel for respondent.

¶ 10        Between January and September 2024, the trial court held three permanency review hearings, as well as a hearing on a motion to withdraw filed by respondent's counsel. Respondent did not appear at one of the permanency review hearings. He also did not appear at the hearing on his counsel's motion to withdraw. As for the latter, counsel's motion was granted, and respondent was appointed new counsel. Following the September 2024 permanency review hearing, at which respondent appeared, the permanency goal was changed to substitute care pending termination of parental rights.

¶ 11                        B. Termination Proceedings

¶ 12        In October 2024, the State filed a petition to terminate respondent's parental rights. In the petition, the State alleged respondent was an unfit parent in that he failed to (1) maintain a reasonable degree of interest, concern, or responsibility as to the minor's welfare (750 ILCS 50/1(D)(b) (West 2022)); (2) make reasonable efforts to correct the conditions that caused the minor to be removed from his care during a nine-month period following the adjudication of neglect, namely, September 9, 2023, through June 9, 2024 (*id.* § 1(D)(m)(i)); and (3) make reasonable progress toward the return of the minor to his care during a nine-month period

following the adjudication of neglect, namely, September 9, 2023, through June 9, 2024 (*id.* § 1(D)(m)(ii)). The State further alleged it was in the minor's best interest to terminate respondent's parental rights and appoint DCFS as guardian, with the power to consent to adoption.

¶ 13    Also in October 2024, the trial court held a first appearance hearing. At the hearing, respondent appeared and confirmed he had received a copy of the State's petition to terminate his parental rights. The contents of the petition were reviewed on the record, and respondent indicated he understood the petition.

¶ 14    In November 2024, the trial court held a pretrial conference. At the conference, respondent appeared, and the State informed the court, "[T]he parties have selected a trial date of January 30th at 2:00 p.m. for a fitness hearing, as well as a possible best interest hearing, if it's appropriate." Respondent's counsel informed respondent on the record of the need to be present on January 30. At the conclusion of the hearing, the court scheduled the agreed-upon hearing.

¶ 15    On January 30, 2025, the trial court commenced the scheduled hearing on the State's petition to terminate respondent's parental rights. Respondent did not appear, and respondent's counsel moved to continue the hearing, asserting respondent's "testimony and/or attendance" was "imperative to the proceedings." Counsel, on inquiry of the court, indicated he was unaware of respondent's whereabouts and had "not been in contact" with him "for some period of time." Counsel stated, however, "the meetings that I did have with him, there is some information regarding efforts he has made that I think are important for the record, but he would have to testify to those, obviously." In response, both the State and the guardian *ad litem* objected to a continuance, emphasizing respondent was aware of the scheduled hearing. The State also noted the absence of an explanation for respondent's absence, as well as respondent's history of absences. The State further asserted a continuance would not be in the minor's best interest. After

considering the arguments and record before it, the court denied counsel's motion, emphasizing respondent was aware of the scheduled hearing.

¶ 16        During the fitness portion of the hearing, the trial court heard testimony from a caseworker and took judicial notice of the order of paternity. The evidence showed respondent had not completed any of the recommended services and was largely not engaging in them. The evidence also showed respondent, despite being offered weekly visits with the minor following the entry of the order of paternity, attended only three visits. After considering the evidence and arguments presented, the court found respondent was an unfit parent for the reasons alleged in the State's petition to terminate parental rights. The court then, with the agreement of the parties, continued the hearing to the next day.

¶ 17        On January 31, 2025, the trial court held the best-interest portion of the hearing on the State's petition to terminate parental rights. Respondent did not appear. The court took judicial notice of a best-interest report. The report showed the minor had been placed in the same foster home since coming into DCFS care, he was bonded to his foster parent, and his needs were being met. After considering the information before it and the arguments presented, as well as the statutory best-interest factors, the court found it would be in the minor's best interest to terminate respondent's parental rights. The court entered an order terminating respondent's parental rights.

¶ 18        This appeal followed.

¶ 19                              II. ANALYSIS

¶ 20                         A. Neglect Proceedings

¶ 21        On appeal, respondent initially raises challenges to the orders entered during the neglect proceedings. Specifically, respondent argues, "The [trial] court failed in not timely providing [him] counsel, and orders entered where he was not represented by counsel as required

by law should be vacated[,] and, because [the adjudicatory hearing was not] timely held, the cause should be ordered to be dismissed on remand." The State, in response, argues the issues raised by respondent are waived and/or forfeited, and, moreover, the court committed no error.

¶ 22       Although not directly addressed by the parties, this court has a *sua sponte* duty to consider our jurisdiction. See *In re Alexis H.*, 335 Ill. App. 3d 1009, 1011 (2002). "Dispositional orders from juvenile court are generally final and appealable." *In re D.D.*, 212 Ill. 2d 410, 418 (2004); see *In re M.J.*, 314 Ill. App. 3d 649, 654-55 (2000) (stating an adjudicatory order is not final and appealable and any issues with that order must be raised following the entry of the dispositional order). To challenge a dispositional order, Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) requires a notice of appeal be filed within 30 days of the entry of the dispositional order. Compliance with Rule 303(a)(1) is "mandatory and jurisdictional." (Internal quotation marks omitted.) *In re C.S.*, 294 Ill. App. 3d 780, 787 (1998). Where an appellant fails to file an appeal within 30 days of the entry of the dispositional order, this court "ha[s] no jurisdiction to go back and reconsider whether [the dispositional order and those that predate it were] proper when made." *In re Leona W.*, 228 Ill. 2d 439, 457 (2008).

¶ 23       In this case, respondent acknowledges he did not file a notice of appeal within 30 days of the entry of the dispositional order. He nevertheless claims, without citation to relevant authority, any resulting "waiver" should not be enforced against him because it "would be a miscarriage of justice" given (1) he was not appointed counsel until after the 30-day period to file an appeal had expired, (2) he was not admonished of his appellate rights following the entry of the order, and (3) his initial counsel labored under a conflict of interest. Respondent fails to recognize this court "does not have the authority to excuse the filing requirements of the supreme court rules governing appeals." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-

18 (2009). Therefore, we reject respondent's claim and conclude, because respondent has not timely appealed the dispositional order, we lack jurisdiction to address his challenges to that order and those that predate it. See *In re S.P.*, 2019 IL App (3d) 180476, ¶ 47 ("Because the time to appeal the adjudication and dispositional orders has lapsed, we lack appellate jurisdiction to review those orders.").

¶ 24                                    B. Termination Proceedings

¶ 25            Respondent also, on appeal, raises a challenge to the order terminating his parental rights. Specifically, respondent argues, "[I]t was an abuse of discretion for the [trial] court to deny the continuance requested by [him] who was actively trying to defend his rights to retain an interest in his child's life." The State, in response, argues the court committed no error.

¶ 26            A respondent parent does not have an absolute right to a continuance. *In re Tashika F.*, 333 Ill. App. 3d 165, 169 (2002). Instead, continuances should only be granted where good cause is shown. Ill. S. Ct. R. 901(c) (eff. Oct. 1, 2021). A trial court's denial of a motion for a continuance is reviewed for an abuse of discretion. *In re M.R.*, 393 Ill. App. 3d 609, 619 (2009). "A trial court abuses its discretion when no reasonable person would agree with its decision." *In re M.P.*, 408 Ill. App. 3d 1070, 1073 (2011).

¶ 27            In this case, respondent's counsel moved for a continuance at the hearing on the State's petition to terminate respondent's parental rights due to respondent's absence. Counsel noted the possibility of respondent testifying to the "efforts he has made" based upon their prior "meetings." Counsel acknowledged, however, he was unaware of respondent's whereabouts and had "not been in contact" with him "for some period of time." Counsel did not provide an explanation for respondent's absence. The record, furthermore, showed respondent was aware of the scheduled hearing, and the minor had been in DCFS care for almost two years. Based upon the

information before the court, we cannot say no reasonable person would agree with the trial court's decision to deny respondent's motion for a continuance. Accordingly, we conclude the court's denial of respondent's motion did not amount to an abuse of discretion.

¶ 28    We note respondent claims "it was an abuse of discretion for the [trial] court not to inquire further about the meetings" he had with his counsel. This claim, however, is not supported by a developed argument or citation to relevant authority, as required by Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). As a result, it is forfeited and does not merit our consideration. See *In re Addison R.*, 2013 IL App (2d) 121318, ¶ 31.

¶ 29                                III. CONCLUSION

¶ 30    For the reasons stated, we affirm the trial court's judgment.

¶ 31    Affirmed.